LOUIS P. PETRICH (State Bar No. 038161)
ROBERT S. GUTIERREZ (State Bar No. 143223)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: lpetrich@lpsla.com; rgutierrez@lpsla.com

Attorneys for Defendants
HALLMARK HALL OF FAME PRODUCTIONS, LLC and
MCGEE STREET PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BRAD WIGOR, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>HALLMARK HALL OF FAME PRODUCTIONS, INC., a Delaware corporation; MCGEE STREET PRODUCTIONS, INC., a California corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | **CASE NO. 2:12-cv-07019 DMG (MANx)**<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' AMENDED STIPULATION RE PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Amended Stipulation Re Protective Order ("Stipulation") filed on December 26, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 8, 12, and 14 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," "Confidential Information," or other

1

designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," "Confidential Information," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," "Confidential Information," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall

be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

TERMS OF PROTECTIVE ORDER

1. "Confidential Information" shall consist of:  (1) information relating to Defendants' processes of creation, development, production, distribution, and exploitation of the unpublished television motion picture *Mr. Butterfield*, including but not limited to internal notes, correspondence, memoranda, business plans, project presentation materials, market research studies and results, and distribution channels and procedures; (2) information relating to Plaintiff's processes of creation, development, production, distribution, and exploitation of the unpublished motion picture *The Night Flyer* (collectively with *Mr. Butterfield,* the "Movies"), including but not limited to internal notes, correspondence, memoranda, business plans, project presentation materials, market research studies and results, and distribution channels and procedures; (3) unpublished drafts (as opposed to the final shooting draft copy) of scripts of the Movies; (4) contracts of persons performing services in connection with the creation, development, production, distribution, and/or exploitation of the Movies; (5) financial information relating to the costs and expenses incurred in connection with, and the revenues generated from, the creation, development, production, distribution, and various exploitations of the Movies; (6) other information or material that any Party considers competitively sensitive and **is** so designated in order to protect it; (7) the financial information of any Party; and (8) any Party's operations,

development processes, business plans, confidential employee information, market research studies and results, and distribution channels and procedures. Protection for the above-described categories of documents (1) through (5) **may be** required to protect and preserve the Parties' competitive interests and trade secrets as creators, developers, producers, and distributors of the Movies.

2. Confidential Information in written or documentary form shall be designated as confidential material by the Party seeking protection prior to such information being served on, or delivered to, the other Parties or being made available for inspection and copying, with each document page stamped or marked with the word "Confidential." Confidential Information stored on computer disk and other information storage devices shall be designated as confidential by the Party seeking protection by affixing a label to the device stamped or marked with the word "Confidential." Disclosure of information inadvertently not labeled "Confidential" is governed by Paragraph 6 herein.

3. If discovery is obtained or taken from any third party in this action, any Party may designate some or all of such third party discovery as Confidential pursuant to this Protective Order, in which case it shall be handled pursuant to all the terms and protections set forth herein.

4. Confidential Information may be given, shown, disclosed, made available, or communicated only to:

   (a) Attorneys of record, including co-counsel of record, and in-house attorneys for the Parties to this action (referred to herein as the "Attorneys"), including the associates, paralegals, stenographic, clerical, or other support staff employees associated with the Attorneys;

   (b) The Parties in this action, including:

      (i) in the case of a corporate Party, its employees, officers, directors, and upper management;

      (ii) representatives of any insurance company that is providing a

defense and/or potential coverage in this action to any Party, including adjustors assigned to the present matter by such insurance company;

      (c)    The Court hearing this action and that Court's personnel, stenographers, or other persons involved in taking or transcribing testimony in this action, and any agreed upon mediator and that mediator's personnel;

      (d)    Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, or by further Order of the Court on motion by any Party to the action, or by Subpoena for which no timely protective order is obtained pursuant to paragraph 13 below;

      (e)    Outside consultants or experts, and their support personnel, reasonably employed by a Party or counsel to a Party to assist counsel in the preparation and trial of this action, but only if, before disclosure, such person executes a copy of the Consent Agreement attached hereto as <u>Exhibit A</u>, which shall be retained by the counsel who caused the Consent Agreement to be signed and shall be available for inspection by other counsel upon request;

      (f)    Any other person whose discoverable testimony during these proceedings is obtained or sought (excluding any Party or its/his agents, representatives, officers, directors, or employees), but only if such person executes a copy of the Consent Agreement attached hereto as <u>Exhibit A</u>, which the witness or the witness' counsel shall make available to any Party on request. In the event such person refuses to execute the Consent Agreement, the Parties will make a good faith effort to resolve by agreement the interests of confidentiality and the interest in third-party testimony concerning such confidential information, if possible.

      (g)    any court reporter (including audio and video) involved in this action; and

      (h)    outside professional copying, imaging, computer services, and/or litigation and trial support services retained by either Party.

      5.    The Parties recognize that designation of discovery materials as

Confidential Information may burden each of them in terms of discovery and trial preparation, and therefore that designation should only be used where required and must be made in good faith. The Parties have also agreed that as discovery progresses in this action they will confer in an effort to resolve any of their differences regarding each other's designation of information as Confidential Information.

6. Except as provided in paragraph 4 hereof, or except pursuant to stipulation among counsel for all Parties and filed with the Court, counsel of record retained by the Parties shall, at all times, have and maintain physical custody and control over all Confidential Information, and counsel shall make diligent efforts to ensure that such Confidential Information does not leave their custody and is not disclosed orally. If documents containing Confidential Information are inadvertently or mistakenly disclosed, the Parties agree that the disclosing Party shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Confidential Information by making a request of the receiving party for its return. If the receiving party fails to return such Confidential Information, the Party **who or which** designated the documents Confidential Information may move the Court by stipulation for an **o**rder compelling its return.

7. With respect to testimony elicited during any deposition before trial, whenever counsel for any Party deems that any question or line of questioning calls for or will result in the disclosure of information which should be treated as Confidential Information, said counsel may designate on the record prior to such disclosure, or promptly thereafter, that such testimony is Confidential Information. In the event that Confidential Information is to be disclosed at such deposition, each person personally in attendance at such deposition and who is not the witness being examined or is not entitled pursuant to this Protective Order to have access to the Confidential Information shall be excluded from those portions of the proceeding during which Confidential Information designated by another Party is to be disclosed, provided, however, that the Parties in this action shall not be excluded from any

proceeding in which such Confidential Information is disclosed.

8. Any portion of a deposition transcript that has been designated as including Confidential Information shall be so marked, shall be separately bound, and shall be subject to the provisions of this Protective Order pertaining to Confidential Information. If any portion of a **deposition** transcript or any exhibit to a transcript that has been designated as Confidential Information is filed with the Court, it shall be filed in accordance with the terms and procedures of Local Rule 79-5, subject to the meet and confer requirement set forth in paragraph 11, *infra*.

9. Any Party or counsel for a Party who, in the course of a deposition, seeks to introduce, use, or otherwise refer to a document or thing that has previously been designated Confidential Information, shall advise counsel present (and, if relevant, the Court) immediately in advance of such intended introduction, use, or reference, and, unless the Court orders otherwise, shall treat the document or thing in accordance with the provisions of this Protective Order.

10. No person, firm, corporation, or other entity subject to this Protective Order shall use Confidential Information in any manner whatsoever except for the prosecution, defense, settlement, or appeal of this action. Nor shall any person, firm, corporation, or other entity subject to this Protective Order give, show, disclose, make available, or communicate Confidential Information to any person, firm, corporation, or other entity not expressly authorized by this Protective Order to receive such Confidential Information. The attorneys for the parties to this action shall make the terms of this Protective Order known to all other persons bound by this Protective Order. Nothing in this Protective Order shall preclude any Party from utilizing information that it presently possesses or which comes into its possession outside of the discovery process in this action. Any such use of such information shall not constitute a violation of this Protective Order. Each Party retains the right to pursue any claim or defense it may have against any other Party arising from the unauthorized use of Confidential Information.

11. Designation of documents as Confidential Information does not necessarily entitle the Parties to have such documents filed under seal. The Parties' rights and obligations with respect to the filing and sealing of documents containing or designated as Confidential Information shall be governed by the terms and procedures of Local Rule 79-5. Notwithstanding the foregoing, the Parties agree to meet and confer prior to any Party seeking to file with the Court any documents containing Confidential Information, in an attempt to determine whether**:** (i) the designating Party will agree to remove the "confidential" designation from the documents; (ii) the documents may be filed in redacted form; or (iii) other means exist to address the concerns of the designating Party but still permit the Party seeking to file the documents to provide the Court with the documentary information sought to be filed. To facilitate the foregoing, any Party seeking to file with the Court any documents containing Confidential Information shall request the meet and confer five (5) business days in advance of that Party's filing date to enable the other Party or Parties to present the Judge with a written application, **supported by competent evidence,** and proposed order, under Local Rule 79-5, to file the subject documents under seal in the event the Parties are unable to resolve the issue of confidentiality during the meet and confer.

12. In the event that a Party is served with a subpoena by any person, firm, corporation, or other entity who is not a Party to this Stipulation and which seeks to compel the production of Confidential Information, the Party upon whom the subpoena is served shall give written notice of the subpoena to the Party who has asserted the Confidential Information designation at least seven (7) calendar days before the production [or, if less than seven (7) calendar days are provided for the production, within one business day after service of the subpoena but in no event after the date for production]. The Party who has initially designated the Confidential Information may seek a Court **o**rder to quash the subject subpoena and/or obtain such other relief as will protect the Confidential Information. Should such a motion be

filed, the moving Party shall serve a copy of the Motion, by hand-delivery and e-mail, upon the Party that received the subpoena, and if the Motion is filed before the requested production date, the Party upon whom the subpoena is served shall not deliver the subject documents until after such time as the Court rules on the subject motion. Should an order be obtained, the Party upon whom the subpoena is served shall comply with the order. Should no motion be filed before the scheduled production date, the Party upon whom the subpoena is served may comply with the subpoena. **Nothing in this Protective Order should be construed as authorizing a Party in this action to disobey a lawful directive from another court.**

13. This Protective Order and the procedures set forth herein shall not affect the rights of the Parties to move to compel discovery or to object to discovery on any grounds, including relevancy, trade secret, or proprietary business information grounds, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or any other applicable statute, rule, or authority.

14. This Protective Order shall be without prejudice to the right of the Parties: (a) to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Information; or (b) to present a motion to the Court for a separate or modified protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order does not reflect any stipulation or order that any information designated Confidential Information is or is not in fact a trade secret. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application or modification of this Protective Order. The Parties agree to seek the resolution of any disputes regarding the propriety of any designation of information as Confidential Information. If the Parties and their counsel through the meet and confer process are unable to arrive at a resolution, the Parties shall promptly seek the Court's resolution. If any such disputes arise during the course of a

deposition, the Parties shall temporarily recess the deposition, **meet** and confer at that time to attempt to resolve the dispute, **and if the dispute is not resolved, call the Court to address the issue before adjourning the deposition.**

15. At the election of any Party who produced Confidential Information, within thirty (30) days after settlement, dismissal, and/or the last day for the filing of a notice of appeal of the final decision in this matter, with no such notice of appeal having been filed, each Party either shall destroy all Confidential Information in its possession, which was produced by another Party, and all documents and other things containing or reflecting Confidential Information produced by another Party (including, without limitation, any copies and any and all originals and copies of extracts, summaries, analyses or notes thereof), and provide written certification under oath to the producing party to that effect, or shall deliver all such Confidential Information and documents and other things to counsel for the Party or Parties from whom **or which** said Confidential Information was obtained.

16. After this Action has terminated, the Court shall retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications and additions to this Protective Order as the Court may from time-to-time deem appropriate. Nothing in this Protective Order restricts or is intended to restrict the use or admission at trial of Confidential Information.

DATED: March 4, 2013

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**
## **Consent Agreement**

UNDERTAKING OF _____

I, _____, declare:

1.   I have received a copy of the Protective Order entered in <u>Brad Wigor v. Hallmark Hall of Fame Productions, Inc., et al.</u>, Case No. CV 12-7019 DMG (MANx).  I have carefully read and understand all of the provisions of the Protective Order.

2.   I agree to be bound by all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated "Confidential" which I receive in this action.

3.   I hereby consent to the jurisdiction of the Court in this matter for the purpose of enforcing the Protective Order.

Executed this ___ day of _____, 20__, at _____
_____.
By:_____